UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN A. JOHANSEN, | No. 2:14-CV-00322-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF Nos. 14, 20.  Attorney Joseph M. Linehan represents Steven A. Johansen (Plaintiff); Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 7.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Child Disability Benefits on August 22, 2011, alleging disability since February 21, 1991.  Tr. 163-71.  The applications were denied initially and upon reconsideration.  Tr. 105-11, 115-18.  Administrative Law Judge (ALJ) R.J. Payne held a hearing on March 9, 2012, at which Plaintiff, represented by counsel,

testified as did Thomas McKnight, Ph.D., a medical expert.  Tr. 35-68.  The ALJ issued an unfavorable decision on May 31, 2013.  Tr. 21-34.  The Appeals Council denied review.  Tr. 1-6.  The ALJ's May 2013 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 30, 2014.  ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 22 years old at the time of the hearing.  Tr. 54.  Plaintiff graduated from high school where he took special education classes for math.  Tr. 40-41.  He has not attended college, but has attended a non-accredited weekly religious class.  Tr. 39-40.  The class consists of about twenty people the same age as Plaintiff, and Plaintiff feels comfortable in the setting because one person talks at a time and he is able to listen but not required to speak.  Tr. 56.  The only job Plaintiff has ever had was working as a grounds laborer between July and October 2010.  Tr. 77, 217.

At the administrative hearing, Plaintiff described having mood swings (caused by medication), anger problems, and trouble concentrating.  Tr. 58, 63.  Plaintiff testified that he had a few friends in school but he did not really socialize.  Tr. 60.  Plaintiff testified that he did not currently have any friends and that he spends most of his time alone.  Tr. 61-62.

Plaintiff testified that he attends church once a week, cooks dinner once a week, and occasionally cleans the house, mows the lawn, and does laundry.   Tr. 55, 59, 63.  In his free time, Plaintiff plays video games, watches television, and reads.  Tr. 62, 64.  Plaintiff tried to get a drivers' license at one time, but he found driving "overwhelming" and did not obtain a license.  Tr. 56-57.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon claimants to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once claimants establish that physical or mental impairments prevent them from engaging in their previous occupations. 20 C.F.R. § 416.920(a)(4). If claimants

cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimants can make an adjustment to other work, and (2) specific jobs exist in the national economy which claimants can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If claimants cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. § 416.920(a)(4)(i-v).

To be entitled to child's insurance benefits, claimants must have a disability that began before they became 22 years old.  42 U.S.C. § 402(d).

## ADMINISTRATIVE DECISION

On May 31, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  For purposes of Plaintiff's child's insurance benefits application, the ALJ found that Plaintiff had not attained age 22 as of February 21, 1991, the alleged onset date and Plaintiff's date of birth.  Tr. 26.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 21, 1991, the alleged onset date and Plaintiff's date of birth. Tr. 26.

At step two, the ALJ determined Plaintiff's Asperger's disorder was a medically determinable impairment, but it was not severe.  Tr. 26.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments.  Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 21, 1991, through the date of the ALJ's decision.  Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by failing (1) to find Plaintiff had a severe mental impairment at step two, (2) to accord weight to the opinions of examining psychiatrist Christine Guzzardo, Ph.D.; and, (3) to properly consider Plaintiff's testimony about the severity of his symptoms.

## DISCUSSION

### A.   Credibility

Plaintiff contests the ALJ's adverse credibility determination.  ECF No. 14 at 10-11.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff not fully credible concerning the intensity, persistence, and limiting effects of his symptoms.  Tr. 28.  The ALJ reasoned that Plaintiff was less than credible because his symptom reporting was contrary to (1) the medical evidence, (2) his activities of daily living (ADL), and (3) the fact that he has not sought out mental health treatment.  Tr. 28.

### 1.  Contrary to the objective medical evidence

The ALJ's first reason for finding Plaintiff less than credible, i.e., that Plaintiff's symptoms are not supported by objective medical evidence, Tr. 28, is not a specific, clear, and convincing reason to undermine Plaintiff's credibility.

Although it cannot serve as the sole ground for rejecting a claimant's

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ cited two reports that could be considered objective medical evidence. First, the ALJ noted that Plaintiff's "full scale IQ was found to be 101, which put him in the average range of general intellectual ability." Tr. 28; *see* Tr. 193 (IQ assessment performed by Sandra Matthews, Plaintiff's school psychologist). Second, the ALJ noted that Plaintiff was "attentive and cooperative during testing." Tr. 28 (citing Tr. 289).

The evidence cited by the ALJ does not contradict Plaintiff's testimony and is not a specific, clear, and convincing reason to discredit Plaintiff. The ALJ cited to Plaintiff's average IQ score, but Plaintiff does not argue that he is intellectually disabled. *See*, *e.g.*, Tr. 67 (Plaintiff's counsel stating, "Nobody's saying [Plaintiff] [is] not intelligent"). Plaintiff's IQ score does not contradict his reports of difficulty concentrating and interacting with other people. Furthermore, observations that Plaintiff was attentive and cooperative during testing is not quantitative, objective evidence that undermines Plaintiff's symptom reporting. The ALJ failed to cite to objective medical evidence that contradicts Plaintiff's symptom reporting; therefore, this was not a specific, clear, and convincing reason to discredit Plaintiff. [1]

_____

[1]The Court notes that the ALJ's adverse credibility determination did not mention the most relevant objective evidence in this case, i.e., the psychological testing completed by Dr. Christine Guzzardo. *See* Tr. 297-305. Dr. Guzzardo administered a number of tests including the Wechsler Adult Intelligence Scale, 4th Edition (WAIS-4) and the Minnesota Multiphasic Personality Inventory, 2nd Edition Restructured Form (MMPI-2-RF). Tr. 300-01. As discussed *infra*, based

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

**2. ADL**

The ALJ's second reason for finding Plaintiff less than credible, i.e., that Plaintiff's activities cast doubt on his alleged limitations, Tr. 28, is not a specific, clear, and convincing reason to undermine Plaintiff's credibility.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his or her other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603. "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)).

The ALJ noted that Plaintiff attended school "within the general education setting, but he received special education for math." Tr. 28. The ALJ noted that Plaintiff attended church, read books, did household chores, watched television, and used the computer for hours at a time. Tr. 28. The ALJ further noted that Plaintiff "participate[d] in a college level class and has friends." Tr. 28.

The ALJ fails to show how Plaintiff's ADL contradict his other testimony or are transferable to a work setting. The record supports that most of Plaintiff's high school education took place within the "general education setting." *See* Tr. 192 (school counselor noting "[t]he majority of [Plaintiff's] instruction takes place within the general education setting"); Tr. 207 ("80% - 100% in Regular Class"). Substantial evidence also supports that Plaintiff had trouble with math and needed

---

on this testing, Dr. Guzzardo assessed functional limitations that were largely consistent with Plaintiff's testimony.

testing accommodations.  *See* Tr. 195 (school counselor noting that Plaintiff "struggles" with math and recommending that Plaintiff should be provided "accommodation of additional time on tests, and the option of taking tests in an alternate, quiet setting"); Tr. 201 ("[Plaintiff] needs more time to finish certain activities").  Plaintiff's testimony about his ability to do household chores, albeit slowly, was also consistent with the record.  *See* Tr. 59, 232.  While Plaintiff's ability to go to school and carry out household chores suggests that he spends "a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting," the ALJ did not make specific findings to support such a determination.  *Orn*, 495 F.3d at 639.

Finally, substantial evidence does not support that Plaintiff "participates in a college level class."  Tr. 28.  Plaintiff attends a weekly church group along with other people his age, but this class is not affiliated with a college or university, Tr. 55, and there is no indication that there is a curriculum, grades, homework, or other characteristics of "college level" coursework.  Plaintiff's participation appears to be largely passive.  Tr. 56.  Furthermore, the ALJ's conclusion that Plaintiff "has friends" is not supported by substantial evidence.  *See* Tr. 60-61 (Plaintiff testifying that he had a few friends in school, but he did not socialize with them, and he has no current friends); Tr. 234 (Plaintiff's father noting Plaintiff "invites no friends over [and] has no friends inviting him over").  The ALJ erred in citing Plaintiff's ADL as a reason to discredit Plaintiff.

### 3.  Minimal treatment

It is unclear whether the ALJ's third reason for finding Plaintiff less than credible, i.e., that Plaintiff's minimal mental health treatment casts doubt on his alleged limitations, Tr. 28, is a specific, clear, and convincing reason to undermine Plaintiff's credibility.

Unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints.  20 C.F.R. § 416.930;

*Fair*, 885 F.2d at 603.  Failure to follow a course of treatment may be excused, however, if the claimant's noncompliance is attributable to his or her mental illness.  *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

The ALJ noted that Plaintiff "has not received treatment, takes no medication, and was only recently diagnosed with mild Asperger's disorder."  Tr. 28.  The ALJ concluded, "If [Plaintiff's] mental health problems were not severe enough to motivate him to seek treatment, it is difficult to accept his assertion that they are disabling."  Tr. 28.

It is unclear whether this a clear and convincing reason to discredit Plaintiff, but given the other errors discussed *supra*, it is not, standing alone, sufficient to support the ALJ's adverse credibility determination.  The ALJ correctly observes that Plaintiff's Asperger's disorder diagnosis is fairly recent.  But Plaintiff's treatment notes show that Plaintiff's parents and treating sources have been concerned about Plaintiff's delayed growth development and trouble with school performance since he was a young child.  *See generally* Tr. 309-49.  Furthermore, the Court agrees with Plaintiff that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."  ECF No. 14 at 11 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)).  Given the ALJ's other errors discussed *supra*, the Court need not determine whether this was a specific, clear, and convincing reason to undermine Plaintiff's credibility.

**4.  Conclusion**

The ALJ failed to give specific, clear, and convincing reasons for finding Plaintiff less than credible.  On remand, the ALJ should credit Plaintiff's testimony or give other clear and convincing reasons for discrediting Plaintiff.

**B.    Evaluation of Medical Evidence**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion expressed by examining psychologist Christine Guzzardo, Ph.D.  ECF No.

14 at 7-10.

"In making a determination of disability, the ALJ must develop the record and interpret the medical evidence." *Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the first physician. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). To the extent that Dr. Guzzardo found Plaintiff disabled, her opinion is contradicted by Dr. McKnight. *Compare* Tr. 297-305 (Dr. Guzzardo's assessment) *with* Tr. 350-63 (Dr. McKnight's psychiatric review technique). Therefore, the ALJ was only required to provide specific and legitimate reasons for rejecting Dr. Guzzardo's opinions.

Dr. Guzzardo completed a neuropsychological assessment of Plaintiff in October 2011. Tr. 297-305. Dr. Guzzardo concluded that Plaintiff had a "relatively mild Asperger's Disorder." Tr. 301. Dr. Guzzardo opined that Plaintiff "has a pattern of long term qualitative impairment in social interaction," is "hypersensitiv[e] to crowds and noise," but his cognitive abilities were "average to above average." Tr. 301. Dr. Guzzardo found Plaintiff relatively weak "in areas

of attention and executive functioning including sustained attention, vigilance, working memory, processing speed, rapid visual scanning, and verbal fluency for phonemic cues." Tr. 301. Dr. Guzzardo noted that Plaintiff might be able to work in a "highly structured" environment with fewer people, where his "attention [would] not be divided," and where he could perform "consistent and known tasks that do not require much interaction with others." Tr. 301.

The ALJ gave "some weight" to Dr. Guzzardo's opinions. The ALJ gave weight to Dr. Guzzardo's opinion that Plaintiff's Asperger's disorder was mild (not severe) and that she thought Plaintiff could work. Tr. 29. The ALJ gave less weight to Dr. Guzzardo's opinion that Plaintiff had "qualitative impairment in social interaction and needed a highly structured work environment." Tr. 29, 301. The ALJ found this opinion inconsistent with the fact that Plaintiff "was able to go through school without problems and participate in activities that required social interaction." Tr. 29.

The ALJ failed to give specific and legitimate reasons for giving little weight to Dr. Guzzardo's opinions regarding Plaintiff social limitations and his need for a highly structured work environment. Plaintiff was not able to go through school "without problems." Tr. 29. Although most of Plaintiff's education was in the "general education setting," he did take special education classes for math and his counselor noted that he needed extra time to finish certain tasks. Tr. 195, 201. Plaintiff's school records and the statement provided by Plaintiff's father also reveal that Plaintiff struggled socially. *See* Tr. 201 (school record noting Plaintiff had improved socially after a "rough start"); Tr. 235 (Plaintiff's father stating Plaintiff is "[n]ot very sociable"). The ALJ's observation that Plaintiff is able to participate in "activities that required social interaction," e.g., Boy Scouts, church, is not enough to reject Dr. Guzzardo's opinions. The extent of Plaintiff's participation in these activities is not entirely clear. Substantial evidence supports that Plaintiff does not actively engage in group settings and does

not socialize. Tr. 56, 234-35.  Dr. Guzzardo's opinion that Plaintiff work in a "highly structured" environment is consistent with his school counselor's observation that Plaintiff would likely be most successful in a "more controlled type of [work] setting."  Tr. 201.  On remand, the ALJ shall credit Dr. Guzzardo's opinions or give specific and legitimate reasons for rejecting them.

**C.    Step two**

Plaintiff argues that the ALJ erred by not finding that his Asperger's Disorder was a severe mental impairment.  ECF No. 14 at 6-8.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. *See* 20 C.F.R. § 416.920(c).  The fact that a claimant has been diagnosed with, and treated for, a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations.  *See, e.g.*, *Fair,* 885 F.2d at 603; *Key v. Heckler,* 754 F.2d 1545, 1549-50 (9th Cir. 1985).  To establish severity, the claimant has the burden to show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months.  20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints.  *Smolen,* 80 F.3d at 1290.  "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85–28).  To establish severity, the claimant has the burden to show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months.  20 C.F.R. § 416.920(c); SSR 85–28.  Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple

instructions; responding appropriately to supervision, coworkers, and usual work situations." SSR 85–28.

The ALJ gave some weight to Dr. Guzzardo's diagnosis of mild Asperger's disorder, but the ALJ rejected the limitations assessed by Dr. Guzzardo including social limitations and Plaintiff's need for a highly structured work environment. As discussed *supra*, the ALJ did not give adequate reasons for rejecting these limitations. The limitations assessed by Dr. Guzzardo, which are supported by Plaintiff's testimony and other evidence in the record, satisfy Plaintiff's *de minimis* burden to show that his impairments have more than a minimal effect on his ability to do basic work activities, including his ability to respond to usual work situations. The ALJ erred in not finding Plaintiff's mild Asperger's disorder to be a severe impairment at step two.

## REMEDY

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made.

On remand, the ALJ shall consider the limitations caused by Plaintiff's mild Asperger's disorder, especially social limitations and limitations associated with Plaintiff's ability to complete work within a set timeframe. The ALJ shall reevaluate Plaintiff's credibility and the opinions of Dr. Guzzardo consistent with this opinion. At the new administrative hearing, the ALJ, if warranted, shall elicit the testimony of a medical expert to assist the ALJ in determining Plaintiff's residual functional capacity (RFC). The ALJ shall present the RFC assessment to a VE to help determine if Plaintiff is capable of performing any other work

existing in sufficient numbers in the national economy.  The ALJ may direct Plaintiff to undergo a consultative mental examination.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 14**, **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.      Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED August 18, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14